(Court of Common Pleas, Franklin Co. O.)

MARY E. THOMAS v. FRANK N. BEEBE, et al.

---

A party is not entitled to take the deposition of the adverse party for the purpose of discovery and to enable him to develop his case.

---

BIGGER, J.

A notary public engaged in taking depositions in this case has certified his proceedings to the court and asks for instructions in the premises. It appears that the plaintiff in the action was subpoenaed to appear before the notary to give her deposition in behalf of one of the defendants; that proper notice was served in the case and that plaintiff was present and counsel for both sides at the appointed time and place; that the plaintiff was sworn as a witness, but refused, upon the advice of her counsel, to answer any questions propounded to her by defendant's counsel and embodied her reasons for such refusal in an affidavit which is attached to the certified record of the proceedings; that counsel for the defendant also made a statement of the object and purpose of the taking of the deposition, which is included in the certified record of the proceedings, and that thereupon counsel for plaintiff and defendant agreed that the question thus presented as to the right of the defendant to compel the plaintiff under such a state of facts to give her deposition, should be referred to this court for instructions.

There does not seem to be any statutory provision for such a proceeding as this. There is, however, precedent for it, and I am informed that it has been done in this court. This question was presented in the case of Shaw against The Ohio Edison Installation Company, et al., in the Cincinnati Superior Court, Judge Taft presiding, and it was held that such a proceeding was proper, upon the principle that a notary engaged in taking a deposition for use in a case pending in court is as much an officer of the court as a master or referee appointed by the court and, also, that it was in accordance with the practice in chancery to permit a notary to consult the court about the relevancy and competency of questions put to a witness whose deposition was being taken. While the regular statutory method of bringing this question before the court would have been to commit the plaintiff for her refusal to answer, and then make application to the court for a release under section 5255 of the Rev. Stats., yet I am of opinion that under the practice in this state a notary may certify his record to the court for instructions, as in this case.

The plaintiff, in her affidavit, gives her reasons for refusing to answer the questions propounded. She says that the case in which her deposition is to be taken is now pending in this court; that she will of necessity be a witness in that case, and will be present to testify in the case; that the issues in the case have not yet been made up; that no answer has been filed to her petition, and that the time within which defendants are required to plead has not yet expired; that she is informed by her counsel, and believes the fact to be, that her deposition is not about to be taken in good faith and for the purpose of being used as testimony in said cause, but for the purpose of finding out what her testimony will be at the trial; that she is now, and has been for a long number of years a resident of this county, and expects always to be a resident of the county; that she is in robust health, is not suffering from any infirmity and does not expect to be imprisoned, and that her testimony is not required on any motion made, or to be made, but is asked wholly on the merits of the suit.

To this the defendant, who was proceeding to take the deposition, answers that he was proceeding to take the deposition in good faith and to prepare for

the trial of the cause; that the defendant expects to use the deposition so taken in case the witness testifies to the truth as said defendant understands and claims it to be, and if, at the time of the trial, it could be used under section 5265 of the Rev. Stats. of Ohio; that the claim of the said defendant was, and is, that there are allegations in the petition filed against him which are against the right of this plaintiff to recover against the said defendant, and that one of the objects of the taking of the deposition is to develop the case in that respect. Defendant also states that he expects to file the deposition with the clerk of this court when taken.

Thereupon it was agreed between counsel, that instead of committing the witness for her refusal to answer, the notary should certify his proceedings in the matter to this court, and that counsel for the respective parties should submit their claims to the court, which was done.

The question before the court is, can the plaintiff under this state of facts be compelled to give her deposition?

The precise question presented here has not been often before the courts of this state for decision. The first question which presents itself is, can a witness, irrespective of the question as to whether the witness be a party or not, who is a resident of the county, in good health, not suffering from any infirmity and who does not expect to be imprisoned, and states that he will be present at the trial, be compelled to give his deposition? Section 5265 of the Rev. Stats. provides when a deposition may be used, and it is provided that it can be used only in the following cases:

First, when the witness does not reside in, or is absent from, the county where the action or proceeding is pending, or by change of venue is sent for trial.

Second, when the witness is dead, or from age, infirmity, or imprisonment, is unable to attend court.

Third, when the testimony is required upon a motion, or where the oral examination of the witness is not required.

Section 5266 of the Rev. Stats. provides when a party may begin to take depositions, and it is provided therein that "either party may commence taking testimony by deposition at any time after service upon the defendant."

To my mind it is too plain to admit of serious controversy that the mere fact that the witness whose deposition it is proposed to take is a resident of the county, in good health, and expects to be present at the trial, will not affect the right of a party to take his deposition. Section 5265 relates only to the use of depositions at the trial, and provides that only under the circumstances therein named can a deposition be used. If a witness is dead his deposition may

be used. It makes no difference whether during his life he was a resident of the county or not. His deposition may be read. If it is proper to use it in that contingency it is certainly not improper to take it to provide against that contingency. So that where a party is proceeding in good faith to take the deposition of a witness upon the ground that some contingency may happen between the taking of the deposition and the time of the trial which will permit its use under section 5265, the fact that the witness may be a resident of the county and may expect to be present at the trial will not deprive a party of the right to take the deposition of such witness.

The next question which presents itself is, admitting the right of a party to take the deposition of a witness resident of the county, etc., has a party the right to compel the adverse party to give his deposition for any and every purpose for which he may desire to take the same, whether such adverse party be a resident of the county or not. This question was decided in the affirmative by Judge Smith of the Greene county common pleas ourt, and in the negative by Judge McCarty of the Stark county common pleas court. These are the only reported cases, so far as I know, in which this question has been presented for decision in the common pleas courts of the state.

Section 5243 of the Rev. Stats. provides "a party may be examined as if under cross-examination at the instance of the adverse party, either orally or by deposition, as any other witness." This places a party upon the same footing as any other witness so far as the right of examination by the opposite party is concerned.

Counsel for the defendant have cited the case of Meader, Trustee v. Mary L. Root, 11 Circuit Court Reports, p. 81 in support of their contention. The question before the court in that case was the right to use the deposition of a person deceased whose deposition had been properly taken before the trial, but which deposition did not show the reason for taking the same. In that case the deposition of the plaintiff had been taken in his own behalf, he being a resident of the county, and as it appears, being at the time sick and about to leave the state, but these facts did not appear in the deposition itself, and for that reason it was objected to at the trial. It will be observed that that is a different question from the one presented here. That was the deposition of a party taken in his own behalf at a time when he was sick and about to leave the state, and for the purpose of being used in case of his death or absence from the county. In this case the question presented is the right of a party to compel the adverse party to give his deposi-

tion for the purpose of discovering what his testimony will be in advance of the trial. That this is the object of the defendant is, I think, unmistakable from the statements contained in the record.

The question presented here of the right of a party to compel the adverse party to give his deposition for the purpose of discovery was recently decided by the circuit court in the sixth circuit, in the case in re Humphrey, 14 Circuit Court Reports, 517. The court decided that a party could not compel the adverse party to give his deposition for such purpose.

The state of Kansas has practically the same statute upon this subject that we have, and the question here presented has been decided by the supreme court of the state of Kansas, the decision of that court being against the right of a party to take the deposition of the adverse party for such purpose. In re Cubberly, 39 Kan., 281.

My attention has been called to the case of Chapman against Lee, 45 Ohio St., 356. In that case the supreme court of Ohio decided that "adequate means of obtaining discovery from parties to actions at law being afforded by our statute, suits for discovery as prosecuted in equity before the adoption of the code are practically obsolete in this state." In the opinion, rendered by Judge Spear, he taking of the deposition of the adverse party is mentioned as one means of discovery afforded by the code. But this is not, I think, to be regarded as a decision of the question presented here. As illustrative of the ruling of the court that bills for discovery were now obsolete, the learned judge mentions several methods by which a party may obtain discovery of the facts from the opposite party and includes depositions. This dictum cannot be regarded as a determination of the question presented here. If the learned judge had omitted one or more of the statutory provisions for discovery from the enumeration, it would not be contended that this would be a decision adverse to the omitted provision, nor are we to regard the mere dictum contained in the opinion as a solemn adjudication of a matter which was not called to the attention of the court by argument, nor considered by the court, so far as appears from the report of the case.

But aside from the authorities to which I have referred, I do not believe that the code authorizes the taking of the deposition of the adverse party for the purpose stated in this case. The object of making provision for the use of depositions is to enable a party to obtain testimony for use upon the trial which he could not otherwise obtain. The deposition of any witness may be taken, if taken in good faith, to provide against some one or more of the contin-

gencies provided for by the statute. If the adverse party were sick, or there was reason to believe that he would not be present at the trial for some other reason, and his deposition was desired to provide against these contingencies, it would seem from the statute that a party would have the right to take the deposition of the adverse party. I do not believe that when the legislature provided that depositions could be used under certain circumstances, and under those circumstances only, and then provided for the taking of these depositions, that it was the legislative intention that they should be taken for any other purpose than for use under the contingencies named. But the defendant in this case does not ask that he may be permitted to take this deposition for any of these reasons. He asks that he may be allowed to examine the plaintiff as under cross-examination to help him develop his case, and says that if it turns out to be favorable to his side of the case he will use it. It was not the legislative intent when provision was made for the taking of depositions that it might be used for the purpose of discovery. Other provision has been made for that. If a party desires discovery from the opposite party the statute has provided that he may attach interrogatories to his pleading, or, if he desires papers which are in the possession of the adverse party, a method is provided by which he may obtain them. Between litigants there often exists a feeling of enmity which frequently amounts to deep seated hatred and malignity. Did the legislature intend to open the door to such an aggravation of this feeling as would be afforded by the right to compel the adverse party to submit to an examination for the purpose of discovery before an officer without power to determine the relevancy or competency of testimony, but clothed with authority to commit to jail a witness who might refuse to answer impertinent questions asked only for the purpose of gratifying the malice of the adverse party?

Some light is, I think, thrown upon this question by a consideration of the statutory provisions relating to discovery. Section 5099 provides that interrogatories may be attached to the petition. What kind of interrogatories? "Interrogatories pertinent to the issue made in the pleadings." This method of discovery, it is to be observed, is under the supervision and control of the court in which the action is pending. If impertinent interrogatories are attached, they will be stricken out by the court. Section 5289 provides a method by which a party may compel the adverse party to produce books or writings in his possession which contain evidence pertinent to the issue. Section

5290 provides a method by which a party may obtain from the adverse party an inspection or copy of any book, paper or document in his possession, or under his control, which contains evidence relating to the merits of the action of defense. Then sec. 5291 provides, "If a party in possession of any such book, paper, writing or document allege that the same, or any part thereof, is of mere private interest, or of such character that it ought not to be produced, or an inspection or copy thereof allowed or taken, the court may, on motion of either party, direct a private examination thereof by a master; if the master find that such book, paper, writing or document contains matter pertinent to the case and proper to be produced, inspected or copied, he shall report the same to the court, or a copy of such part as he finds pertinent to the case, or proper to be produced, inspected or copied." Why should the legislature have been so careful to protect a party from impertinent inquiry at the hands of the adverse party in respect to interrogatories and the right to inspection and copy of documents if it was the intention, as claimed by counsel for the defendant, to clothe a party with what counsel in a Kansas case denominates the right of judicial piscary? For this reason I am of opinion that it was not the legislative intention that the right to take depositions might be diverted from its primary, and, as I believe, only object, and converted into an engine for the discovery of evidence.

For the foregoing reasons I am of opinion that, under the circumstances of this case, the defendant has no right to compel the plaintiff to give her deposition for the purpose stated, and the notary will be so instructed.