THE STATE, EX REL. BECHTEL ET AL., *v.* McCABE, JUDGE.

234

(Decided October 19, 1938.)

Messrs. *Welles, Kelsey, Cobourn & Harrington* and *Mr. Earl F. Boxell,* for relators.
Messrs. *Fraser, Effler, Shumaker & Winn* and *Mr. Robert C. Dunn,* for respondent.

OVERMYER, J.   This is an original application in this court for a writ of prohibition to restrain the respondent, as judge of the Court of Common Pleas of Lucas county, from granting a motion filed by the defendants in cause No. 152700 now pending in that court.   The motion is to restrain a certain notary public of this county from punishing a witness for contempt in refusing to answer certain questions on deposition being taken of such witness on behalf of relators, pending trial.   It is contended that the respondent judge has no authority or jurisdiction to entertain such motion or to grant it, and that, unless prohibited, respondent will grant it to the relators' irreparable damage in the trial of the case.

The question presented by the application is a novel one and counsel on both sides admit finding no case where courts have spoken on a situation such as here presented.   Many cases are to be found, of course, on the general subject of the writ of prohibition and its uses and limitations, and on the procedure usually fol-

lowed by notaries public and other officers in handling contumacious or recalcitrant witnesses on the taking of depositions. In fact, the latter procedure is defined by statute in Ohio. Relators insist that the statute be followed in this instance. Counsel for respondent, who are also counsel for defendants in the pending case for which depositions were being taken, contend that the notary taking the depositions is an officer of the trial court and subject to its orders and direction, and that the trial court has full power, jurisdiction and authority to entertain and grant the motion filed, not by the notary asking for instructions, but by the defendants in the pending cause asking for "an order in such form as to the court seems sufficient and proper, instructing and directing the said * * * notary public to refrain from issuing any order, writ, citation or capias for the arrest of the defendant in the premises, and from taking any further steps or making any orders to compel answers to the questions herein referred to."

It may be that where an officer appointed by the court, such as a master or referee, is taking testimony, the court in which the cause is pending could, on motion, issue directions to such officer touching the relevancy or competency of testimony, or advice as to other matters arising in connection with the taking of such testimony, but the taking of depositions by notaries public is governed by statute, and the notary public is not appointed by the court or an officer of the court, nor is he a party to the cause pending in the Common Pleas Court.

How the matter would be handled if the pending cause were in one county and the notary public taking the depositions in another county, or in another state, we are not advised by counsel. Would it be claimed that in such case the orders and processes of the trial court here could control the notary residing and

functioning in another jurisdiction? How would the court here enforce its orders? The answers are obvious.

The only authority cited by respondent for a course of procedure, such as the motion here being considered seeks to invoke, is *Shaw* v. *Ohio Edison Installation Co.,* 17 W. L. B., 274, 9 Dec. Rep., 809, by Judge Taft, but in that case the notary public, by the consent of all parties, made application to the court for advice and instructions, and even then Judge Taft said:

"The regular and statutory mode of obtaining the opinion of the court on such a state of facts [refusal of witness to answer] is for the notary to commit the witness for contempt under Section 5252, Revised Statutes [now Section 11510, General Code].

"The witness may then make an application to the court for his release under Section 5255, Revised Statutes [now Section 11514, General Code], and in considering the application, the court must review and pass upon the ground of commitment."

The rules of federal courts now provide for the procedure attempted here, but we find no authority, and none has been cited to us, for such procedure in the courts of our state. It is true our state courts are vested with considerable discretion in matters of procedure not regulated by statute, but where the statute clearly defines the procedure, as it does here, and no alternative procedure is indicated, the statutes must control. This is elementary. Sections 126, 11510 and 11514, General Code; *Ex parte Bevan,* 126 Ohio St., 126, 184 N. E., 393; *In re Rauh,* 65 Ohio St., 128, 61 N. E., 701; *In re Miller,* 8 N. P., 142, affirmed 21 C. C., 445; *DeCamp* v. *Archibald,* 50 Ohio St., 618, 35 N. E., 1056, 40 Am. St. Rep., 692; *Ex parte Jennings,* 60 Ohio St., 319, 54 N. E., 262, 71 Am. St. Rep., 720; *In re Berger,* 13 Ohio App., 206, at 211, 212; *Matter of Nushu-*

*ler*, 1 Clev. L. R., 249, 4 Dec. Rep., 299, 300; 9 Ohio Jurisprudence, 58 *et seq.*

When and if the statutes of Ohio are amended to permit the procedure here attempted, we will agree with counsel that a convenient and expeditious manner of handling a situation such as this has been provided. Until then, we must be governed by the present statutes.

It is contended by respondent, and he so alleges in his answer, that the information called for in the questions submitted to the witness before the notary and which the witness refuses to answer, is incompetent, immaterial and irrelevant to any issues made by the pleadings in the pending cause No. 152700. If the trial court wherein the motion was filed has no jurisdiction to entertain it, or to make the orders thereby sought, then the relevancy of the information sought by the questions becomes immaterial. If the court lacks jurisdiction, by the procedure here attempted, to control the questions and answers of the witness on deposition before the notary, then the materiality, competency and relevancy of the matters inquired into become wholly immaterial on the question of jurisdiction before this court. And by the same token, if the trial court does not have jurisdiction and power to adopt the procedure here attempted, then prohibition is the proper remedy and the exclusive remedy to prevent that court from exercising jurisdiction it does not possess. It is quite true, as argued, that the writ of prohibition may not be employed to prevent an anticipated erroneous judgment, but that is not the situation or the question here. It is employed here to prevent any action or judgment respecting a matter over which the Common Pleas Court has no jurisdiction. When and if the deposition is offered in court on trial, the relevancy, competency and materiality of the questions and answers will be ruled upon by the court and

can become the basis of appeal for review. The same is true on hearing for release under Section 11514, General Code, or on hearing for a writ of habeas corpus after commitment.

It is also urged by respondent that the trial court has the power to determine its own jurisdiction. This is true only with regard to matters where proper facts are required to be established in certain instances before the court is, by law, given jurisdiction, not to matters wherein the court is not, by the Constitution or statutes, given any jurisdiction. For example, in a divorce case in Common Pleas Court the question may be made that the plaintiff has not been a resident of the state one year before the filing of the action. The court must then determine that question first. If residence for one year has not been established, the court has no jurisdiction to hear the case. If the necessary statutory requirement as to residence is established, then the court has jurisdiction. In that matter, and similar matters, the court in which the action is properly pending may determine its own jurisdiction. However, suppose a Probate Court or justice of the peace found a divorce case pending on its docket, could such court by any orders or processes it might make or issue give itself jurisdiction to hear the case? We think the broad claim made that a court may determine its own jurisdiction must be limited by the distinction expressed in the foregoing illustrations.

In respondent's brief appears the statement that: "It is the process of the court in which the case is pending which is used by the notary public before whom depositions are to be taken. He is allowed to use that process for the purpose of bringing before him the witnesses whose depositions are desired. *In some manner*, the trial court is to determine whether questions objected to should be answered. If the court commits error in its decisions, then the aggrieved

party, if prejudiced by such error, may seek relief in a reviewing court.'' (Italics ours.)

With this statement we are wholly unable to agree. The statutes of Ohio hereinbefore referred to give the notary the power, authority and processes of law, independent of the trial court, to take depositions and to punish, by proceedings in contempt, a witness who refuses to answer. The notary's powers and processes flow from the statutory law on the subject—not from the court in which a trial is pending; and not ''in some manner'' (evidently unknown) is the trial court to determine ''whether questions objected to should be answered,'' but by a definite course of legal procedure laid down by statute law and the decisions of the courts of the state, from the lowest to the highest, for a century.

Counsel for defendants, in cause No. 152700 referred to, have had that cause assigned for trial on October 31, 1938. A motion has been filed in this court, and submitted contemporaneously with the application for a writ of prohibition, to restrain counsel for defendants in that cause, who are also counsel for respondent here, from proceeding with the trial or taking steps to bring about the trial of the cause, pending disposition of this proceeding for a writ of prohibition and completion of the deposition.

We feel that the matter of assignment of causes for trial in the Common Pleas Court is not a matter within the control or jurisdiction of this court, but rests within the discretion of the Common Pleas Court. The motion for a restraining order will be denied.

Application for writ of prohibition is allowed.

*Writ allowed.*

LLOYD and CARPENTER, JJ., concur.