Argued May 18, modified June 2, 1960

# LINN PLYWOOD CORPORATION *v.*
# MILLMEN'S UNION ET AL

352 P. 2d 594

*Sidney I. Lezak,* Portland, argued the cause for appellants. On the brief were Bailey, Lezak, Swink & Gates, Portland.

*Orval N. Thompson,* Albany, argued the cause for respondent. On the brief were Weatherford & Thompson, Albany.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and HOLMAN, Justices.

HOLMAN, J. (Pro Tempore)

On or about the first day of March, 1955, plaintiff, Linn Plywood Corporation, entered into a collective bargaining agreement with Millmen's Union No. 1120, and Millmen's Union No. 1528, the defendants herein, representing plaintiff's employees. The agreement, as is usual, specified conditions relative to the employment of plaintiff's workmen and rights of the union, employer, and employees. The agreement expired by its terms on the last day of February, 1957. It contained a provision that the workmen had no right to strike except for violation of the terms of the agreement.

In the latter part of February, 1956, some of plaintiff's workmen covered by the contract became dissatisfied because plaintiff was buying part of its green veneer for processing rather than peeling all of it from its own logs. This entailed the curtailing of the employment of those workmen engaged in the peeling process. As a result, some of the workmen in the rest of plaintiff's plant, in sympathy with those

employees, refused to work on the green veneer which had been purchased elsewhere. This resulted in plaintiff discharging a number of men upon the ground they were refusing to work.

The union made no claim that plaintiff was in violation of its contract for the discharge of those who refused to work on the imported veneer but did claim the majority of the men so discharged had not so refused to work and were, therefore, wrongfully discharged under the contract. Plaintiff claimed it had the right to discharge any workmen for any cause without violating its contract and defendants claimed otherwise. Defendants placed pickets around plaintiff's plant, claiming it was doing so because plaintiff had violated the contract by discharging the workmen. Plaintiff claimed that the pickets were put there to coerce it into manufacturing all of its green veneer.

Subsequent to the placing of the pickets, plaintiff served notice on defendants that it was terminating the contract, claiming defendants had breached it by violating the provision preventing them from striking except for breach of the contract by plaintiffs. Defendants claimed the contract was still in effect, and that they were not in violation of the contract by striking, as plaintiff had breached the contract by wrongfully discharging those workmen who they claimed had not refused to work on the veneer.

After the notice of termination by plaintiff, plaintiff no longer made contributions to the health and welfare fund of defendants, as required by the contract. This action was brought by plaintiff for a declaratory judgment requesting that the court adjudicate the contract between the parties terminated. Defendants answered requesting an adjudication the contract was in effect and counterclaimed for pay-

ments due their health and welfare fund. Defendants also accepted assignments from the workmen of their claims for the wages to which they would have been entitled had they been able to continue their employment under the contract, and requested judgment on these claims. At the time of trial defendants introduced no evidence of the loss to the workmen or to the health and welfare fund.

The case came on for trial on the 24th of June, 1957, and resulted in a declaratory judgment that the contract had been breached by the defendants and rightfully terminated by plaintiffs and disallowing any counterclaims for damages and wages by the defendants. From this judgment defendants appeal.

At the time this case came on for trial in the court below, the contract between the parties had, by its terms, already expired. The contract expired the last day of February, 1957, and the trial did not commence until June 24, 1957. At that time the parties had no future conduct within the life of the contract upon which it was necessary or beneficial for the court to guide them. The following is a statement of the purpose of declaratory judgment actions found in "Actions for Declaratory Judgments" by Walter H. Anderson, Vol 1, § 186, p 369:

"The purpose of the declaratory judgment action and the underlying object of the declaratory judgment statute is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relations.

"A declaratory judgment will be granted only where the interests of justice will be advanced and an adequate and effective judgment may be rendered.

"One of the highest offices of the declaratory judgment procedure is to remove uncertainty and

insecurity from legal relations, and thus clarify, quiet, and stabilize them before irretrievable acts have been committed or undertaken."

Also, a further statement is made in § 222, p 498 of the same volume:

"It is held that a declaratory judgment should never be pronounced where there is even a strong possibility that it may serve no useful purpose and may have no practical effect, and therefore is a useless and futile pronouncement."

■■ The only possible question at the time of trial was whether the contract had been breached and whether the parties or plaintiff's employees were entitled to damages for the breach. Plaintiff claims no damages. Defendants have, both on behalf of its health and welfare fund and its discharged members. There is no necessity, however, of deciding whether the contract was legally terminated or not in connection with these counterclaims as there is absolutely no evidence in the record as to the extent of any damages, either to defendant's health and welfare fund or to its discharged workmen.

For the reasons given above, the trial court's judgment will be modified to the extent that the request for relief of all parties will be dismissed.