Karen **WINTERS**, Plaintiff,

v.

**MTL SYSTEMS, INC.**, Defendant.

No. C–3–97–454.

United States District Court,
S.D. Ohio,
Western Division.

Jan. 11, 1999.

Frank M. Payson, Patrick J. Conboy, Law Office of Frank M. Payson, P.C., Dayton, OH, for Karen L. Winters.

Richard Albert Talda, Jeanie M. Elmlinger, Coolidge, Wall, Womsley & Lombard, Dayton, OH, for MTL Systems Inc.

James H. Greer, James P. Fleisher, Bieser, Greer & Landis—3, Dayton, OH, David Carr Greer, Bieser, Greer & Landis—3, Dayton, OH, for James McCracken.

## RESPONSE TO REQUEST FOR ADVICE AND INSTRUCTIONS

MERZ, United States Magistrate Judge.

This case is before the Court on the Application of Notary Public Tina M. Shell for Advice and Instructions, filed January 7, 1999.

This Court was last confronted with a similar request in 1986 in *Thompson v. Preble County*, C-3-86-159. At that time I wrote:

I am aware of the practice of requesting advice on disputed questions is traditional with notaries in the Southern District of Ohio, but my research has not revealed any law on the subject. Presumably since notaries are empowered to punish for contempt under Ohio Revised Code § 147.07 but are often not attorneys at law, the purpose of the request is to obtain advice on whether or not the contempt power should be exercised.

The Federal Rules of Civil Procedure govern comprehensively the taking of discovery in actions pending in federal court. Fed.R.Civ.P. 37(a)(2) provides that if a deponent fails [or refuses] to answer a question put to him upon oral examination under Fed.R.Civ.P. 30, the discovering party may move the Court for an order compelling discovery. Such a motion is subject to several procedural safeguards adopted by this Court to govern the discovery process, particularly the requirement that motions be accompanied by memoranda of law in support (S.D.Ohio R. 4.0.1 [now S.D.Ohio L.R. 7.2(a) ] and that no such motions relating to discovery be filed until counsel have exhausted extrajudicial means of resolving them (S.D.Ohio R. 4.3.3 and 4.3.4) [now S.D.Ohio L.R. 37.1 and 37.2]. It is my opinion that the safeguards of the Federal Rules and local rules should not be circumvented by use of the procedure employed here of having the notary ask the Court for instructions.

Accordingly, it is my advice to you that you decline to order the witness to answer the question and advise the parties to proceed pursuant to Fed.R.Civ.P. 37(a) or 26(c).

Decision and Entry of December 11, 1996, p. 2.

Upon additional research conducted in response to your Application, I find a conflict in the authorities. In *Nord v. McMillan*, 6 Ohio Misc. 25, 215 N.E.2d 919 (Clermont Cty. Common Pleas 1966), Judge Nichols responded to an application from a court reporter for advice regarding pending questions. He in turn relied on *Thomas v. Beebe*, 5 Ohio N.P. 32, 8 Ohio Dec. 231 (Ohio.Com. Pl.1897) and *Shaw v. Ohio Edison Installation Co.*, 17 W.L.B. 274, 9 Dec.Rep. 809 (Superior Court of Cincinnati). In the latter case, Judge William Howard Taft, later President and Chief Justice, upheld the practice based on a similar practice in chancery. However, in *State ex rel. Bechtel v. McCabe*, 60 Ohio App. 233, 236, 20 N.E.2d 381, 383 (Ohio.App.1938), Judge Taft's decision was relied on to hold that the proper procedure was for the notary to commit the witness for civil contempt and allow the witness to apply for release by writ of habeas corpus and that therefore a Common Pleas judge would be restrained by writ of prohibition for lack of jurisdiction from restraining a notary from committing a witness for contempt.

This additional law confirms my opinion that the Ohio procedure of having notaries request instructions should not be followed in federal cases. In addition, the 1993 amendments to the Federal Rules of Civil Procedure strengthen my conclusion that this type of dispute should be handled by motion to compel or for protective order.

Accordingly, I advise you to decline to order the witness to answer the question.