2005 OK CIV APP 4

**INDIVIDUAL SELF–INSURED GUARANTY FUND BOARD, and the Individual Self-Insured Guaranty Fund, Petitioners,**

v.

**George Philip RENO, and The Workers' Compensation Court, Respondents.**

No. 100,797.

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 10, 2004.

John Crittenden, Assistant Attorney General, Oklahoma City, OK, For Petitioner.

Albert L. Wheeler, III, Oklahoma City, OK, For Respondent.

Opinion by CAROL M. HANSEN, Judge.

¶1 Petitioners, Individual Self–Insured Guaranty Fund and Fund's Board (collectively Fund), seek review of the Workers' Compensation Court's (WCC) order denying Fund's Motion to Dismiss it from the action and ordering Fund to pay certain medical expenses of Respondent, George Reno (Claimant), upon establishment of specified statutory conditions.

¶2 Claimant was an employee of Rocor International, Inc., doing business as Rocor Transportation (Employer). Employer was an "individual self-insured" employer. *See,* 85 O.S.2001 § 61(A)(4). In September 2001, the WCC found Claimant had sustained compensable permanent partial disability while working for Employer. Employer paid the award for Claimant's disability, but subsequently filed for bankruptcy. Some Workers' Compensation Act (the Act)[1] claims were paid by surety bonds on behalf of Employer, until those funds were exhausted. A medical bill in the amount of $8,683.00 remained unpaid. That claim is the subject of the present controversy.

¶3 In September 2003, the medical provider, Shands Health Care, filed a Form 19, Request for Payment of Charges for Health or Rehabilitation Services, with the WCC and moved to have the request set for trial. The Form 19 hearing was set for January 2004. In the interim, on November 25, 2003, Shands Health Care filed a claim for the $8,683.00 with Fund, using Fund's printed claim form. The record shows that form was received in and date stamped by the WCC. There is nothing in the record, however, to establish Fund acted on the claim.

¶4 Claimant moved to have Fund joined as a party to the Form 19 claim. Fund did not respond to the motion, nor appear at the hearing on the motion. On March 4, 2004, the WCC filed its order joining Fund as a party respondent. On May 7, 2004, shortly before a scheduled hearing on the Form 19 request, Fund filed a special appearance and objected to WCC jurisdiction.

¶5 In support of its jurisdictional objection, Fund argued it was neither an "employer" nor an "insurance carrier" as those terms are defined in the Act[2], and that it was not one of the enumerated methods for employers to secure compensation coverage for its employees in accordance with § 61 of the Act.[3] Fund argued it was a "separate entity in Oklahoma state government", created by § 66.1 of the Act to pay claims when self-insured employers could not, and that the WCC had no jurisdiction over it.

¶6 In its order filed on May 17, 2004, the WCC found [a] it had jurisdiction over Fund, [b] the request for medical expenses was "a reasonable and necessary medical expense for which the respondent employer is liable" and [c]:

> THAT the respondent employer, an Own Risk entity, is in bankruptcy, and is apparently without funds to pay this medical expense. Therefore, after execution is levied and returned unsatisfied (or upon agreement of the claimant and the Fund that respondent employer is unable to make payment of this medical expense), this medical expense (liability) shall be paid by Fund.

¶7 On June 4, 2004, Fund filed its Petition for Review asking that the WCC order be vacated because that court erroneously found it had jurisdiction. Here, Fund reiterates its arguments presented to the WCC, *i.e.* that Fund is neither Claimant's employer nor an insurance carrier within the definitions of the Act and thus its payment of claims is not

---

1. 85 O.S. Supp.2000 § 1 *et seq.*

2. *See,* 85 O.S. Supp.2000 § 3(5)(employer) and § 3(12)(insurance carrier).

3. The enumerated methods in § 61 are [1] workers' compensation insurance policy, [2] guaranty insurance contract, [3] equivalent workers' compensation insurance product and [4] satisfactory proof of the employer's financial ability to pay such compensation (self-insured).

subject to the WCC's jurisdiction or oversight.

■ ¶ 8 We agree the WCC should have dismissed Fund from the Form 19 action, but not for the reasons propounded by Fund. We may vacate the WCC determination for a reason other than that raised by the parties because "[a] worker's quest to receive compensation for an on-the-job injury is a statutory public-law proceeding rather than a private dispute." *Amos v. Spiro Public Schools,* 2004 OK 4, 85 P.3d 813. In *Amos,* the Supreme Court held:

> When resolving a public-law issue, if the aggrieved party's brief advances the wrong reason for a decision's vacation, the reviewing court is free to grant corrective relief from the urged error on an applicable theory chosen sua sponte, i.e. a theory that supports the assigned error but was neither advanced below nor on appeal but is dispositive of the issue raised by the aggrieved party. It is hence not necessary that we address ourselves here to the litigant's arguments and authorities.

■ ¶ 9 As a threshold issue, however, before we reach the dispositive question, Claimant asserts Fund has no standing to seek review here because Fund did not appeal from the WCC's order of March 4, 2004, and thus that order, which made Fund a party, was final before the May 10, 2004 hearing on liability. However, only those WCC orders which make or deny an award, or otherwise determine the rights of the parties, is final. *Yeatman v. Northern Oklahoma Resource Center of Enid,* 2004 OK 27, 89 P.3d 1095. The "rights of the parties", as that term is used in this context, were not determined here until the WCC imposed conditional liability on Fund by its order filed May 17, 2004. Therefore, Fund's Petition for Review was timely filed within the twenty day period allowed under § 3.6(C) of the Act.

■ ¶ 10 We need not address, and do not decide, the ultimate argument put forth by

Fund, that is, Fund is a "separate entity in Oklahoma state government" over which the WCC has no statutory subject matter jurisdiction.[4] Even presuming, and once again without deciding, the WCC did have jurisdiction to determine Fund's liability, Claimant neither established the statutory prerequisites to Fund's paying any claim nor exhausted his administrative remedies.

¶ 11 As noted above, Fund was created by § 66.1 of the Act. Subsection 66.1(F)(1), as follows, prescribes the conditions under which Fund is to pay claims:

> If an employer, who is currently approved by the Workers' Compensation Court as a self-insured or own risk carrier, is unable to make payment of an award and judgment is rendered against such employer and execution is levied and returned unsatisfied in whole or in part, payments for such liabilities shall be made from the Individual Self–Insured Guaranty Fund.

■ ¶ 12 The WCC recognized the foregoing statutory conditions in its order, but erred by failing to recognize all the conditions would have to be established as a *prerequisite* to the exercise of jurisdiction. The WCC required Fund to defend the claim in court on the potentiality that jurisdiction would be established.

¶ 13 However, more importantly, the WCC's order must also be vacated because Claimant failed to exhaust his administrative remedies. Fund has promulgated rules pursuant to the Oklahoma Administrative Procedures Act, 75 O.S.2001 §§ 250–323 and which are codified in the Oklahoma Administrative Code at OAC 303:10–1–1 through 303:10–1–5. These rules provide the administrative procedures for submission, processing and payment of claims, to include a hearing before the Board if requested. Claimant did, in fact, submit a claim to Fund, but there is no evidence of record the claim was acted upon.

■ ¶ 14 Generally, judicial review should not take place until administrative

---

4. The Workers' Compensation Court is a statutory tribunal of limited jurisdiction. *Johnson v.*

*City of Woodward,* 2001 OK 85, 38 P.3d 218.

remedies are exhausted. *M & W Restaurants, Inc. v. Oklahoma Alcoholic Beverage Laws Enforcement Com'n,* 2003 OK CIV APP 12, 63 P.3d 559. Judicial review prior to exhaustion of administrative remedies is permissible when administrative remedies are inadequate, *e.g.* when such remedies are unavailable, ineffective or futile to pursue. *Id.* at 562.

¶ 15 An administrative claim was not only available here, but was filed. Claimant failed to establish the remedy of a claim to Fund would have been either ineffective or futile. The exhaustion rule is designed to allow administrative bodies to perform their statutory functions free from premature and unnecessary interference by preliminary court litigation. *Waste Connections, Inc. v. Oklahoma Dept. of Environmental Quality,* 2002 OK 94, 61 P.3d 219.

¶ 16 Claimant has shown nothing to indicate Fund would not have paid his claim if it had been allowed to act on the claim prior to being made a party to the WCC Form 19 action. By making Fund a party prior to final action on Claimant's administrative claim, the WCC not only frustrated Fund's statutory responsibilities, but also acted contrary to the interests of judicial economy in its own court.

¶ 17 Claimant should have established the necessary prerequisites in accordance with § 66.1(F)(1) and Fund's rules, and then allowed Fund to act according to its rules prior to seeking to have Fund made a party to the Form 19 claim action. The WCC should have recognized Claimant's failure to do so and refused to consider making Fund a party until Claimant could show those necessary prerequisites. The WCC's denial of Fund's motion to be dismissed from the action was error which requires vacation of its order.

¶ 18 The WCC's order is VACATED and this matter is REMANDED to the WCC for entry of an order consistent with this opinion.

JOPLIN, J., and MITCHELL, P.J., concur.