**OKLAHOMA ELECTRIC COOPERATIVE, INC.,**
Appellant,

v.

**STATE of Oklahoma ex rel. OKLAHOMA CORPORATION COMMISSION and Oklahoma Gas and Electric Company,**
Appellees.

No. 83323.

Supreme Court of Oklahoma.

Sept. 19, 1995.

Derryberry, Quigley, Parrish, Solomon & Blankenship by Patrick D. Shore, Oklahoma City, for Appellant.

Oklahoma Corporation Commission by Leslie Wilson Pepper, Deputy General Counsel, Andrea P. Johnson, Assistant General Counsel, Oklahoma City, for Appellee Corporation Commission.

Rainey, Ross, Rice & Binns by Hugh D. Rice and H.D. Binns, Oklahoma City, Oklahoma Gas and Electric Company by John Harbour, Oklahoma City, for Appellee Oklahoma Gas and Electric Company.

HODGES, Justice.

The issue in this case is dispositive: whether Appellant is a "person deeming himself aggrieved" under section 20 of article IX of the Oklahoma Constitution and thus has standing to bring this appeal from an order of the Oklahoma Corporation Commission (Commission). We answer in the negative.

## I. FACTS

This is an appeal by Oklahoma Electric Cooperative (OEC) from Order No. 381038 issued by the Commission on March 16, 1994. The order approved a special contract between Appellee Oklahoma Gas & Electric Company (OG & E) and the Federal Bureau of Prisons (Bureau).

The special contract was a result of a competitive bid procedure conducted by the Bureau. The two bidders were OEC and OG & E. OG & E was the successful bidder on the project. OEC filed a protest with the Bureau on January 25, 1994, alleging that OG & E's bid violated federal guidelines by including rates which had not yet been ap-

proved. The matter has been referred to the United States Attorney General's office and the Legal Section at the Department of Prisons for investigation. If OEC's federal protest is successful, the contract will be void, and the bids will have to be resubmitted. The matter is still pending at the federal level.

When an electric company enters into a contract in which the prescribed rates are lower or higher than the standard rate approved by the Commission, the company must have the special contract specifically approved by the Commission. Okla.Stat. tit. 17, § 152 (Supp.1995); OAC 165–35–5–1. In the case of a prescribed rate lower than the standard tariff rate, the Commission investigates whether or not the lower rate specified in the special contract will cause a hardship to other *ratepayers* of that same utility by causing a subsidy occurrence. *See* OAC 165:35–5–1.

On February 2, 1994, OG & E filed its application before the Commission requesting approval of the special contract between OG & E and the Bureau prescribing rates, lower than the standard rate, for electrical service. In addition, OG & E requested the Commission to hold a hearing *in camera* and to issue a protective order.

On February 4, 1994, OG & E filed before the Commission its Motion for Emergency Hearing and Protective Order. The Commission set a hearing to be held *in camera* on February 10, 1994. The hearing was held and a Protective Order sealing the record was issued on February 15, 1994. A hearing on OG & E's application was held on February 22, 1994, before an Administrative Law Judge (ALJ). Notice of the hearing was properly posted and published by the Commission. OEC did not attend the hearing. All the expert witnesses testifying at the hearing agreed that OG & E ratepayers would not be harmed by approval of the special contract and might benefit by its approval. On March 8, 1994, the ALJ issued his report recommending that the special contract between OG & E and the Bureau and the rates prescribed therein be approved.

On March 16, 1994, OEC appeared before the Commission and made a public statement requesting the Commission to delay action on the report until the Bureau had concluded an investigation in regard to the alleged violation of federal guidelines in the bidding process. OEC told the Commission that they did not intend to intervene. OEC's only complaint before the Commission was that OG & E's bid was illegal under the federal guidelines. OEC declined to introduce evidence and declined to file a motion to intervene in the proceedings before the Commission even though encouraged to do so by the Commission.

The Commission adopted the report of the ALJ on March 16, 1994, and approved the special contract. The action of the Commission is embodied in Order No. 381038.

## II.  PROCEDURAL HISTORY

OEC filed its Petition in Error on March 30, 1994. OG & E's Motion to Intervene was granted and OG & E was made a Party Appellee by order of this Court dated April 21, 1994. OG & E filed a Motion to Dismiss on the grounds that OEC lacked standing to appeal the Commission's Order. OEC bases its claim of standing on article IX, § 20 of the Oklahoma Constitution. The Motion to Dismiss was deferred to the decision on the merits and is now before this Court.

## III.  ANALYSIS OF ISSUE PRESENTED

Article IX, § 20 of the Oklahoma Constitution states:

> "From any action of the Corporation Commission prescribing rates, charges, services, practices, rules or regulations of any public utility, or any public service corporation ... an appeal may be taken by any party affected, or by *any person deeming himself aggrieved by any such action,* or by the State, directly to the Supreme Court of the State of Oklahoma...."

(Emphasis added.) In determining whether this case should be dismissed, the question of whether OEC is a "person deeming himself aggrieved" is dispositive.

Numerous decisions of this Court have equated the term "person deeming himself aggrieved" with the more common "aggrieved person" or "aggrieved party." *See Missouri–Kansas–Texas R.R. v. State,* 712 P.2d 40, 42 (Okla.1985); *see also State ex rel. Henry v. Southwestern Bell Tel. Co.,* 825 P.2d 1305, 1310 (Okla.1991); *Application of Central Okla. Milk Producers Ass'n.,* 312 P.2d 500, 501 (Okla.1957). In light of these decisions interpreting section 20 of article IX of the Oklahoma Constitution, OEC must qualify as an "aggrieved person" to have standing to appeal.

■ Oklahoma case law defines an aggrieved person as "one whose pecuniary interest in the subject matter is directly and injuriously affected or one whose right in property is either established or divested by the decision from which the appeal is prosecuted." *Missouri–Kansas–Texas R.R.,* 712 P.2d at 42. Before a party may be considered aggrieved by a decision, the adverse effects of the decision must be direct, substantial and immediate. *Id.*

■ A person need not have been a party to an action before the Corporation Commission to be an aggrieved person. *Turley v. Flag–Redfern Oil Co.,* 782 P.2d 130, 134 (Okla.1989). In order to meet the status of aggrieved person, "a party must have a 'personal stake' in the litigation because of an actual or threatened distinct injury which has a causal connection between the alleged wrong and the action challenged." *Id.* at 135. Furthermore, the decision being appealed should "by its own force, operate to impose a burden or obligation. . . ." on the party. *Cleary Petroleum Corp. v. Harrison,* 621 P.2d 528, 530 (Okla.1980). "The effect of a judgment must be . . . immediate rather than contingent on some future event." *Id.*

■ "[T]he Legislature has wisely provided that only those aggrieved may appeal. . . ." *Clark v. Warner,* 85 Okla. 153, 204 P. 929, 933 (1922). Appellant OEC is not an "aggrieved person" and, therefore, not "a person deeming himself aggrieved." The reversal of the Commission's decision does not "immediately" benefit OEC.

OEC's interests were harmed not by the Commission's decision, but rather by the award of the contract to OG & E by the Bureau of Prisons. The subject of the hearings before the Commission and its order was not the alleged violation of federal guidelines in the bidding process. The subject was a unilateral application filed by OG & E seeking approval of a special contract. The Commission's sole inquiry is to determine whether the lower rate specified in the special contract will cause a hardship to other *ratepayers* of that same utility by causing a subsidy occurrence. *See* OAC 165:35-5-1.

The Commission affirmed the recommendation of the ALJ that the special contract would not cause other OG & E ratepayers to have to subsidize the Federal Transfer Center. That was the extent of the Commission's inquiry and the basis for approving the special contract. OEC is not a ratepayer of OG & E and, therefore, is not affected by the *Commission's* decision. Reversal of the Commission's decision merely rejects the special contract, thus forcing the Bureau to rebid the project. OEC could still lose the project to OG & E. Therefore, OEC's interests are not directly benefited by the reversal; they are contingent on a future event, winning the second bidding process.

If the Bureau agrees with OEC that OG & E's bids were illegal under federal guidelines, the Bureau itself will order a rebid. If, however, the Bureau determines that the bids are legal, OG & E's contract is valid. OG & E's bid and the approval of the special contract do not violate Oklahoma law or the rules of the Commission. Therefore, the validity of the contract should be determined by the federal administrative process, not by this Court.

■ Additionally, this case should be dismissed because OEC failed to present these matters to the Commission during the administrative proceedings even though given the opportunity. This Court has stated the following:

Orderly procedure and good administration require that objections available in proceedings before an administrative agency be made while it has an opportunity for reconsideration and correction at the time

appropriate under its practice. To permit an adversary to sit quietly by until an administrative proceeding is closed and lodged in an appeal, and then raise issues on appeal, which if timely objected to in the manner authorized by the rules governing the agency's proceedings might have been cured, is subversive of both the purposes for which the [Corporation] Commission was created and of the adversary system which gives those purposes fulfillment.

*State ex rel. Cartwright v. Okla. Natural Gas,* 640 P.2d 1341, 1346 (Okla.1982). OEC failed to present either by affirmative evidence, or objection, those issues which it now raises on appeal. These issues should not be entertained on appeal and the case should be dismissed.

## IV. CONCLUSION

OEC is not a party deeming itself. aggrieved under section 20 of article IX of the Oklahoma Constitution. Therefore, OEC has no standing to appeal the Order of the Corporation Commission approving OG & E's special contract.

Reversal of the Commission's Order does not "directly, substantially, and immediately" benefit OEC's interests. Even if the project is rebid, OEC may still lose it to OG & E. Since vindication of OEC's interests are contingent on some future event, OEC is not "aggrieved." We decide only that OEC lacks standing. The legality of OG & E's bid under federal law is a question to be decided by the federal government, not this Court.

█ In addition, OEC failed to raise its claims in the administrative process. OEC should not now be allowed to raise those issues on appeal. Therefore, this case is dismissed on the additional ground that issues not raised in the Commission's proceedings are precluded from review on appeal.

### APPEAL DISMISSED.

HODGES, LAVENDER, SIMMS, HARGRAVE and WATT, JJ., concur.

SUMMERS, J., concurs in result.

WILSON, C.J., and KAUGER, V.C.J., concur in part, dissent in part.

OPALA, Justice, dissenting:

I dissent from the appeal's dismissal.