2000  OK CIV APP  60

**TOTAL ACCESS, INC.,**
**Plaintiff/Appellant,**

v.

**CADDO ELECTRIC COOPERATIVE, an Oklahoma Rural Electric cooperative; and Caddo Electric Cooperative Enterprises, Inc., a corporation, Defendant/Appellees.**

**No. 93,845.**

Court of Civil Appeals of Oklahoma, Division No. 3.

April 7, 2000.

B. Wayne Dabney, Bret D. Davis, Oklahoma City, for Plaintiff/Appellant.

John W. Garland, Anadarko, for Defendant/Appellees.

## *OPINION*

HANSEN, Vice–Chief Judge:

¶ 1   Plaintiff/Appellant, Total Access, Inc. (Total), seeks review of the trial court's order granting the motion to dismiss of Defendant/Appellees, Caddo Electric Cooperative and Caddo Electric Cooperative Enterprises, Inc. (collectively Caddo).   Total, an Internet service provider, sued Caddo for injunctive and declaratory relief, alleging the acts of Caddo in operating an Internet service provider were ultra-vires and not within the powers conferred upon rural electric cooperatives by the Rural Electric Cooperative Act, 18 O.S.1991 § 437 *et seq.*   Caddo moved to dismiss on the grounds Total lacked standing to bring this action, the trial court lacked subject matter jurisdiction, and Total failed to state a claim upon which relief could be granted.   The trial court granted the motion and dismissed the action.   Total appeals without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla. Sup.Ct. R. 1.36, 12 O.S.Supp. 1996, Ch. 15, App. 1.

¶ 2   We will review a disposition by dismissal under a de novo standard. *Patel v. OMH Medical Center, Inc.,* 1999 OK 33, ¶ 43, 987 P.2d 1185.   "The purpose of a motion to dismiss is to test the legal sufficiency of the pleadings, not to evaluate the underlying facts.   The question before us is hence whether, taking all of plaintiff's allegations as true, [it] is precluded from recovering as a matter of law." *Id.*   A motion to dismiss is the proper method for testing a party's standing. *In re Estate of Geller,* 1999 OK CIV APP 45, 980 P.2d 665, 668.   Total's standing does not depend on the merits of its contention Caddo's conduct is illegal;   the proper inquiry is whether Total alleges injury to a legally protected interest as contemplated by statutory or constitutional provisions. *Independent School Dist. No. 9 of Tulsa County v. Glass,* 1982 OK 2, 639 P.2d 1233, 1237.

¶ 3   An action in the nature of quo warranto may be brought when a corporation "abuses its power or intentionally exercises powers not conferred by law."   12 O.S.1991 § 1532.   The parties disagree as to who has standing to bring such an action.   Caddo points to 18 O.S.1991 § 1018 as allowing only the corporation itself, a shareholder, or the Attorney General to assert a corporation's lack of power or capacity to do an act.   Total does not allege it is a shareholder or member of Caddo.   Rather, it points to 12 O.S.1991 § 1533 as authorizing it to prosecute the case because it claims an "interest adverse to the franchise, gift or grant, which is the subject of the action."   Total argues it is a competitor and therefore has "an interest adverse to [Caddo's] illegal internet service provider" sufficient to provide standing.

¶ 4   The quo warranto statute, 12 O.S.1991 § 1533, is ambiguous as to who may claim an interest adverse to the franchise, gift, or grant which is the subject of the action when such a claim challenges a corporate act as ultra vires.   When faced with ambiguity, we will apply rules of statutory construction to discern legislative intent. *TRW/Reda Pump v. Brewington,* 1992 OK 31, 829 P.2d 15, 20.

¶ 5   The Oklahoma General Corporations Act, 18 O.S.1991 § 1001 et seq., provides in § 1018 that no act of a corporation shall be invalid because it was ultra vires, but the lack of capacity or power of a corporation to act may be asserted (1) by a shareholder in an action to enjoin the corporation from performing acts or transferring property, (2) by the corporation in an action against an officer or director for loss or damage due to unauthorized acts, and (3) by

the Attorney General in an action to dissolve the corporation or enjoin it from transacting unauthorized business. The maxim of statutory construction, *"expressio unius est exclusio alterius"* means that the expression of one thing is the exclusion of another. *Greenberg v. Wolfberg,* 1994 OK 147, 890 P.2d 895, 906. It is "applicable only where in the natural association of ideas the contrast between a specific subject matter which is expressed and one which is not mentioned leads to an inference that the latter was not intended for inclusion in the statute." There is such an contrast between the situations where assertion of ultra vires acts is specifically authorized and those situations not mentioned as to lead to the inference the Legislature intended to exclude the authority to assert lack of corporate authority to act in any situation not expressly mentioned in § 1018. Total's action may only be brought by the Attorney General, a shareholder or member of Caddo, or Caddo itself. Total lacks standing to bring the action.

¶ 6   Total cites *Okla. Gas & Elec. Co. v. Okla. Elec. Coop . (OG & E),* 1973 OK 158, 517 P.2d 1127, as an example of a case where a competitor was allowed to challenge a cooperative's intrusion into alleged illegal areas. In that case, OG & E alleged OEC invaded its franchise granted by the City of Norman. In the instant case, however, there is no franchise, gift, or grant, which is the subject of the action. Therefore, 12 O.S.1991 § 1533 is inapplicable and 18 O.S.1991 § 1018 is controlling. Accordingly the trial court's order dismissing the case is **AFFIRMED.**

ADAMS, J., concurs; JOPLIN, J., dissents.