2001 OK CIV APP 4

**HERITAGE VILLAGE APARTMENTS, LTD.,** an Oklahoma limited partnership; East Towne Village Apartments, Ltd., an Oklahoma limited partnership; Jeff Chappell d/b/a Pinebrook Apartments; Hollie Chappell d/b/a Woodpark Apartments; Carol Porter, an individual; and Rhea Jones, an individual, Petitioners/Appellants,

v.

The **OKLAHOMA HOUSING FINANCE AGENCY,** a public trust; and the Guthrie Housing Associates, L.P., an Oklahoma limited partnership, Respondents/Appellees.

No. 94,115.

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 22, 2000.

Robert D. McCutcheon, Janis W. Preslar, Hall, Estill, Hardwick, Gable, Golden & Nelson, Oklahoma City, OK, for Appellants.

Loutitia D. Eason, Jack R. Lawrence, Douglas G. Eason, Lawrence & Ellis, Oklahoma City, OK, for Appellee Oklahoma Housing Finance Agency.

Mark K. Stonecipher, Brent M. Johnson, Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, OK, for Appellee Guthrie Housing Associates, L.P.

BUETTNER, J:

¶ 1 The Oklahoma Housing Finance Agency (OHFA) awarded federal tax credits to Guthrie Housing Associates, L.P. (Guthrie Housing) for building residential dwellings in the City of Guthrie. Appellants are owners of apartment complexes and rental housing in Guthrie. Pursuant to the Oklahoma Administrative Procedures Act, Appellants filed an appeal of the agency order in District Court. Appellees then filed a motion for summary judgment challenging Appellants' standing to bring this appeal. The District Court granted summary judgment. We affirm.

¶ 2 Appellees' motion for summary judgment raised three grounds: (1) Appellants lacked standing, (2) Appellants had adequate notice of the administrative proceeding, and (3) Appellants had failed to exhaust their administrative remedies. Appellants filed an objection to the motion, denying the allegations. Appellants also filed a motion for summary judgment. In granting summary judgment in favor of Guthrie Housing, the District Court noted that it was not required to rule on Appellants' motion, the same being moot as a consequence of its ruling. We agree that Appellants have failed to demonstrate standing to appeal OHFA's decision to grant tax credits to Guthrie Housing. As a result, we do not reach the other issues raised in the motion for summary judgment.

¶ 3 "A motion to dismiss is the proper method for testing a party's standing." *Total Access, Inc. v. Caddo Electric Co–op.,* 2000 OK CIV APP 60 ¶ 2, 9 P.3d 95, *In re Estate of Geller,* 1999 OK CIV APP 45 ¶ 10, 980 P.2d 665, 668. In *Geller,* a motion to strike was recast as a motion to dismiss under 12 O.S.1991 § 2012(b)(6), then considered as a motion for summary judgment because evidentiary materials were attached to the motion.

¶ 4 In considering issues such as standing, the District Court must of necessity find that certain facts exist and then draw legal conclusions. However, whether a party has a right to contest an administrative action is largely a question of law. *Missouri–Kansas Texas Ry. Co. v. Oklahoma,* 1985 OK 108, 712 P.2d 40, 42. In this case, the parties presented the facts to the trial court by way of motion for summary judgment with supporting evidentiary material. The order granting summary judgment did not specify which ground the trial court relied upon. Because our review is *de novo,* if any ground supports dismissal of the appeal, we will affirm the judgment.

¶ 5 A judicial review of a final agency order is provided by 75 O.S.1991 § 318(A)(1).

Any party aggrieved by a final agency order in an individual proceeding is entitled to certain, speedy, adequate and complete judicial review thereof pursuant to the provisions of this section and Sections 319, 320, 321, 322, and 323 of this title.

¶ 6 The first issue then is whether Appellants are "aggrieved parties" under § 318. At a hearing May 14, 1999, OHFA decided to grant certain tax credits to various applicants, including Guthrie Housing. The tax credits would be used by Guthrie Housing to build a large number of apartments and some low income housing in Guthrie. Appellants were not applicants for the tax credits.[1] Appellants argued that they

---

1. Appellants complain that OHFA granted tax credits in the "first cycle" that were reserved for the "second cycle" of 1999. OHFA had previously divided the available money to be used in the first and second half of the year, and have two application and approval cycles. OHFA voted to use some of the second cycle funds in the first cycle in part because of the tornado damages suffered in May 1999. Appellants also contested the accuracy of some of the information used by OHFA. These are issues that other applicants for the tax credits would undoubtedly have standing to raise.

would be directly impacted by the new housing because their vacancy rates would increase which would result in a decrease in rental revenue and market value of their housing. Therefore, they argue that they would suffer a competitive disadvantage from housing built with the benefit of the tax credits. This is the only type of harm raised by Appellants in their Objection to Motion for Summary Judgment.

■ ¶ 7 It is patent that a "party invoking a court's jurisdiction has the burden of establishing his or her standing (when contested) to pursue the action in court." *Toxic Waste Impact Group, Inc. v. Leavitt*, 1994 OK 148, 890 P.2d 906, 910. The *Leavitt* court, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351, 364 (1992), stated that at a minimum, standing contains three elements: (1) injury in fact, an invasion of a legally-protected interest which is (a) concrete and particularized and (b) actual or imminent, not 'conjectural' or 'hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) likely, rather than speculative, that the injury will be 'redressed' by a favorable decision." *Id.* at 910.

■ ¶ 8 A party is aggrieved by an agency action when it invades a legally protected interest. However, ordinarily, an allegation that a governmental action will result in competition harmful to the complainant's business is not sufficient to qualify the complainant as an aggrieved person. See *St. Joseph's Hill Infirmary, Inc. v. Mandl*, 682 S.W.2d 821, 825 (Mo.App.1984) ("... there is no right to be free of competition nor a private interest in preventing competition."); *Nernberg v. City of Pittsburgh*, 153 Pa. Cmwlth. 219, 620 A.2d 692 (1993) ("While some laws and regulations are designed to protect against competitive injuries, many are not. For instance, in the disappointed bidder cases, competitive injury is never sufficient, in and of itself, to give rise to standing.").

¶ 9 While not directly on point, the Oklahoma Supreme Court has expressed a similar opinion when considering whether a bank was an "interested party" in a proceeding before the Oklahoma Savings and Loan Board. In *First National Bank v. Oklahoma Savings and Loan Board*, 1977 OK 171, 569 P.2d 993, certain banks claimed that they were denied procedural due process when they did not receive statutory notice of a hearing. The initial question was whether the banks were entitled to notice. The Supreme Court said:

> A person is a party to an administrative proceeding either by being named as such, becoming a party by applicable statutory law, or if his interest therein is of constitutional proportions. [Footnote omitted.] Interested parties are those who have a legally recognized private interest, and not simply a possible pecuniary benefit. [Footnote omitted.]

> \* \* \* \*

> However, one who has no interest to protect may not insist that he receive notice. [Footnote omitted.] Appellants have no license or exclusive franchise protected by law and although they may be injured by competition, this is lawful competition presenting a possible loss without injury in the legal sense. The potential economic competition and possible subsequent denial of a position Appellants previously enjoyed does not entitle appellants to notice of the hearing. Mere economic competition made possible by governmental action does not give standing to restrain such action. [Footnote omitted.] In order to be entitled to a hearing before a charter is approved for a branch office of a savings and loan, it must be shown that appellant will be adversely affected in a legal or property right. The right to be free from competition is not a vested property right, [footnote omitted] and because it is not, the appellants were not entitled to notice of the hearing.

569 P.2d at 997.

¶ 10 In another case involving Section 20 of Article IX of the Oklahoma Constitution [2],

the Oklahoma Supreme Court held that an electric cooperative did not have standing to appeal a Corporation Commission order approving a special rate of O G & E. *Oklahoma Electric Cooperative Inc. v. Oklahoma*, 1995 OK 91, 903 P.2d 321. The Supreme Court stated that before a party may be considered aggrieved by a decision, the adverse affects of the decision must be direct, substantial and immediate. The court held that the Corporation Commission's decision did not have such an impact, in part, because a reversal of the decision would only result in a rebid of a federal agency's request for electric power. If the power contract were rebid, it was speculative whether the electric cooperative's interests would have directly benefitted by a reversal of the agency decision.

¶ 11 Likewise, in the instant case, a reversal of the OHFA grant of tax credits would only have an indirect and contingent benefit to Appellants. The benefit is even more indirect than in *Oklahoma Electric Cooperative* in which OEC was competing for the same contract that was awarded O G & E. Here, Appellants are not applicants for the tax credits awarded Guthrie Housing. It is pure speculation that Guthrie Housing would not be successful in obtaining the tax credits should OHFA be required to repeat the 1999 application process.

¶ 12 Appellants do not have a legally protectable interest in being free from competition from residential housing supported by federal tax credits. As a result, they are not aggrieved parties as required by 75 O.S.1991 § 318. We affirm dismissal of their appeal.

AFFIRMED.

¶ 13 JONES, P.J., and GARRETT, J., concur.