2003 OK CIV APP 35

**STATE of Oklahoma, ex rel., DEPARTMENT OF HUMAN SERVICES, Child Support Enforcement, Plaintiff/Appellee,**

v.

**Gilbert Santana HERNANDEZ, Defendant/Appellant.**

**No. 97,351.**

Court of Civil Appeals of Oklahoma, Division No. 3.

March 13, 2003.

Dorinda K. Morris, Fairview, OK, for Plaintiff/Appellee.

Randolph S. Meacham, Clinton, OK, for Defendant/Appellant.

OPINION

ADAMS, Presiding Judge.

¶1 This is an appeal from a trial court order which affirmed an administrative order issued by the Office of Administrative Proceedings: Child Support (OAH) in an action filed by the Child Support Enforcement Division of the Department of Human Services (DHS) against Gilbert Hernandez, seeking to establish his paternity of a child born to Bege Flynn (Mother) in November of 1987. The OAH order only determined Hernandez was the child's father and left unresolved the issue of child support for subsequent hearing, even though DHS had requested a child support order in its application.

¶2 Hernandez's appeal from the OAH order was authorized, if at all, by the provisions

of 56 O.S.2001 § 240.3(A)(1), which states: "*Final orders* of the OAH may be appealed to the district court pursuant to this section and Sections 318 through 323 of Title 75 of the Oklahoma Statutes by any party directly affected and showing aggrievement by the order." (Emphasis added). A similar limitation is found in 75 O.S.2001 § 318(A)(1), which allows appeals from "a final agency order in an individual proceeding."

¶ 3 We have a duty to inquire into the jurisdiction of the district court in this case. *Muskogee Fair Haven Manor Phase I, Inc. v. Scott,* 1998 OK 26, 957 P.2d 107. In fulfilling that duty we must examine whether the OAH order in this case is a "final order" inasmuch as it did not resolve all of the issues raised in the DHS application. In response to our order directing the parties to address this issue, DHS concedes the OAH order was not a "final order." Hernandez does not argue that the OAH order was a final order. However, he suggests "[a]ll issues have been determined or are calculable" as a result of "Temporary Child Support Order" he says was filed by OAH *after the District Court order appealed in this case.* However, he cited no authority to support any conclusion that an order purportedly filed after the District Court had already completed its review could cure a jurisdictional defect in his appeal.

¶ 4 An order that resolves less than all of the issues arising out of a controversy between the parties may not generally be treated as a final order. *Mann v. State Farm Mutual Automobile Insurance Company,* 1983 OK 84, 669 P.2d 768. Hernandez has not cited any authority or made any argument demonstrating any reason this general principle is inapplicable here, and we have discovered none. The OAH order appealed by Hernandez to the District Court was not a final order, and the District Court had no jurisdiction to consider Hernandez's appeal. The District Court's order is reversed, and the case is remanded with instructions to dismiss Hernandez's appeal for lack of jurisdiction.

REVERSED AND REMANDED.

JOPLIN, C.J., and BUETTNER, J., concur.