2011 OK CIV APP 33

**WESTERN HEIGHTS INDEPENDENT SCHOOL DISTRICT NO I-41 OF OKLAHOMA COUNTY, Petitioner/Appellant,**

v.

**The STATE of Oklahoma ex rel., OKLAHOMA STATE DEPARTMENT OF EDUCATION, Oklahoma State Board of Education, and Sandy Garrett, State Superintendent of Public Instruction for the State of Oklahoma, Respondents/Appellees.**

**No. 106696.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 17, 2010.

Certiorari Denied Feb. 28, 2011.

Approved for Publication by the Supreme Court March 16, 2011.

Jerry Colclazier, Amie Rose Colclazier, Colclazier & Associates, Seminole, Oklahoma, for Petitioner/Appellant.

Kay Harley, General Counsel, State Department of Education, Oklahoma City, Oklahoma, for Respondents/Appellees.

BAY MITCHELL, Judge.

¶ 1 Petitioner, Western Heights Independent School District ("Western Heights"), appeals an order denying its Application For Attorney Fees and Costs. The underlying dispute arises from Western Heights' placement on the school improvement list by Respondents State of Oklahoma *ex rel.* Oklahoma State Department of Education, Oklahoma State Board of Education, and State Superintendent of Public Instruction Sandy Garrett (collectively "Department").[1] The Department is a state agency charged with improving student success and the regulation/deregulation of State and Federal laws to provide accountability and remove barriers to such success. Pursuant to the No Child Left Behind Act of 2001, P.L. 107–110 § 1111(b)(2)(C)(vi) (codified at 20 U.S.C § 6301 *et seq.*)[2], Department found Western Heights had failed to meet the established educational performance targets for the 2005–2006 school year, which resulted in its placement on the school improvement list and sanctions.[3] Western Heights timely appealed to an appellate panel of the Department, and the Department denied the appeal.

¶ 2 Invoking 75 O.S.2001 § 318, in November 2006 Western Heights filed suit in district court for judicial review of the Department's order denying its appeal. Section 318(A)(1) provides "[a]ny party aggrieved by a final agency order in an individual proceeding is entitled to certain, speedy, adequate and complete judicial review thereof...." *Id.* Upon its finding that the Department

---

1. This appeal arises from two lawsuits, which were consolidated below. The consolidated cases are CJ–2007–9884 and CJ–2006–9771. The order on appeal was entered in both cases.

2. "Coverage of [the No Child Left Behind Act] includes improving the academic achievement of the disadvantaged; preparing, training, and recruiting high quality teachers and principals; language instruction for limited English proficient and immigrant students; 21st century schools; and promotion of informed parental choice and innovative programs." Kimberly A. Murakami, *Construction and Application of No Child Left Behind Act, Pub.L. No. 107–110, 115 Stat. 1425 (2002)(codified at 20 U.S.C.A. § 6301 et seq.),* 4 A.L.R. Fed.2d 103 (2005).

3. Schools and districts that are identified as being in school improvement status are subject to sanctions defined in No Child Left Behind, including interventions offering school choice, providing supplemental services to students, required reorganization, and corrective action.

had failed to address all issues raised in Western Heights' appeal (including the primary basis for the appeal), the District Court remanded the matter for the Department to conduct a hearing on the unresolved issues.

¶ 3 Upon remand, after a three-day administrative hearing, the Administrative Law Judge (ALJ) entered its October 2007 final order, wherein it determined that Department's decision to place Western Heights on the school improvement list in 2004, 2005 and 2006 was arbitrary and capricious and ordered the removal of Western Heights from any and all school improvement lists effective immediately. The Department thereafter appealed to the district court for judicial review of the agency's final order.

¶ 4 On appeal, the trial court affirmed in part the ruling of the ALJ, finding that this administrative appeal relates solely to the 2005–2006 school year. Thus, the trial court affirmed the administrative agency order's conclusions of law for school year 2005–2006, but vacated the ALJ's rulings pertaining to school years 2003–2004 and 2004–2005 upon a finding that the ALJ had exceeded his authority in issuing those rulings.

■■■ ¶ 5 The only issue before us now is whether Western Heights' Application for Attorney Fees and Costs for the preceding consolidated actions was properly denied by the District Court. The question of whether a party is entitled to an award of attorney fees is a legal question that we review *de novo. Elmore v. Doenges Bros. Ford, Inc.,* 2001 OK CIV APP 27, ¶ 6, 21 P.3d 65, 69. Under the *de novo* standard, the reviewing court enjoys "plenary, independent and non-deferential authority to reexamine the trial court's legal rulings." *Id.*

¶ 6 Title 75 O.S.2001 § 318 sets forth the requirements for the recovery of attorney fees arising out of an administrative/judicial review proceeding:

D. In any proceedings for review **brought by a party aggrieved by** a final agency order:

1. The agency whose final agency order was made subject to review may be entitled to recover against such aggrieved party any court costs, witness fees and reasonable attorney fees if the court determines that the proceeding brought by the party is frivolous or was brought to delay the effect of said final agency order.

2. The **party aggrieved by the final agency order** may be entitled to recover against such agency any court costs, witness fees, and reasonable attorney fees if the court determines that the proceeding brought by the agency is frivolous.

*Id.* (Emphasis added).

Based on its finding that the Department's actions were *not* frivolous (albeit arbitrary and capricious), the trial court denied Western Heights' application for attorney fees. We need not decide whether the statutory term "frivolous" is synonymous with arbitrary and/or capricious because the trial court's decision denying attorney fees is legally supportable on a different basis. *See Sligar v. Bartlett,* 1996 OK 144, 916 P.2d 1383, n. 3 (noting "[a] trial court's decision may be affirmed on appeal if the decision is legally supportable, but for a reason different than the one given by the judge.").

■■ ¶ 7 Regardless of whether the Department's actions were frivolous, Western Heights fails to satisfy the threshold requirement of § 318–that of being a "a party **aggrieved by a final agency order.**" We have previously recognized in administrative proceedings that "an order that resolves less than all of the issues arising out of a controversy between the parties may not generally be treated as a final order." *State ex rel. Dep't of Human Servs. v. Hernandez,* 2003 OK CIV APP 35, ¶ 4, 68 P.3d 229, 229. The only order that can be construed as a "final agency order" here is the October 2007 Order, wherein the ALJ determined the Department's actions were arbitrary and capricious.[4] Further, Western Heights was not

4. Although Western Heights was previously aggrieved by an agency order in November 2006, which it appealed to the district court for judicial review, the district court remanded on the basis that the agency had failed to address all pertinent issues. That prior agency order cannot be construed as a final agency order because it did not address all issues pertinent to the appeal and therefore, the administrative process was not yet concluded. *See Conoco, Inc. v. State Dep't of*

aggrieved by that final order. That determination was clearly in favor of Western Heights and adverse to the Department. "A party is aggrieved by an agency action when it invades a legally protected interest." *Heritage Village Apartments, Ltd. v. Okla. Hous. Fin. Agency*, 2001 OK CIV APP 4, ¶ 8, 18 P.3d 1085, 1087. The final agency order here does not invade a legally protected interest of Western Heights and therefore, Western Heights cannot be construed as an aggrieved party. In fact, Western Heights' legal interests were protected with the entry of the final agency order by way of its determination that the Department's actions in placing Western Heights on the school improvement list was arbitrary and capricious. Further, it was the Department who sought judicial review of the final agency order in the district court. Because Western Heights is not a party aggrieved by a final agency order, it is not entitled to the recovery of attorney fees pursuant to 75 O.S. § 318.[5]

¶ 8 This Court's *de novo* review of the record supports the trial court's denial of attorney fees and costs.

¶ 9 AFFIRMED.

JOPLIN, P.J., and BELL, V.C.J., concur.

---

*Health*, 1982 OK 94, 651 P.2d 125, 127 (finding an agency order is final where "the administrative process was at an end and legal obligations had been imposed as a result of that process.")

5.  Section 318(D)(2) is very unusual in that a non-agency party's right to seek attorney fees *only* exists if it *loses* at the administrative level making it the "aggrieved party" seeking judicial review, and then it subsequently *prevails* at the district court and/or appellate court level (with a determination the agency proceeding is "frivolous"). If, however, that party *prevails* at the administrative level and subsequently also *prevails* at the district and/or appellate court levels with the same determination and outcome that the agency proceeding is frivolous, there is no right to seek attorney fees under § 318(D). Although incongruous, the statute's clear language allows no other interpretation.