Warren H. COFFEY, d/b/a Warren H. Coffey Excavating Contractor, Appellant,

v.

ROBERT McMULLAN AND SON, INC., a corporation, Oren Childers Contracting Co., a corporation, State of Oklahoma By and Through the State Board of Public Affairs, Oklahoma Department of Wildlife Conservation, Appellees.

No. 47017.

Supreme Court of Oklahoma.

Oct. 25, 1977.

Clyde J. Watts, Watts, Looney, Nichols, Johnson & Hayes, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Steven E. Moore, Asst. Atty. Gen., of the State of Oklahoma, for appellees.

WILLIAMS, Justice.

This is an appeal by Warren H. Coffey, d/b/a Warren H. Coffey Excavating Contractor, plaintiff in the trial court, from a judgment sustaining a special demurrer and dismissing the cause of action as against the State of Oklahoma, the State Board of Public Affairs, and the Department of Wildlife Conservation (hereinafter collectively referred to as State). Other defendants were Robert McMullan and Son, Inc., and Oren Childers Contracting Company, a

corporation (hereinafter referred to as McMullen and Childers). They are merely nominal parties to this appeal.

The action in the trial court arose out of a dispute as to the terms of a contract for the renovation of the state fish hatchery near Durant, Oklahoma. The contract had been let by State to McMullan, the lowest bidder, which in turn had sub-let the entire contract to Childers. Coffey, the plaintiff, was a sub-contractor, under Childers, for a portion of the work called for in the contract.

Insofar as State is concerned, plaintiff's petition was in form and substance an action for a declaratory judgment. Paragraph 2(c) thereof was as follows:

"The State of Oklahoma, (hereinafter 'State'), acting by and through the State Board of Public Affairs is named a party defendant in this action for the purpose of obtaining a legal construction and declaratory judgment of a written construction contract between the Oklahoma Department of Wildlife Conservation, a department of the Oklahoma Board of Public Affairs, and the defendant, McMullan." (The characterization of the Department of Wildlife Conservation as a "department of the Oklahoma Board of Public Affairs" was an error.)

Attached to the petition as one of several exhibits was a copy of a letter from an engineer for the Board of Public Affairs to an official of Childers concerning "Borrow Material for Raceways, Durant Hatchery". It made certain requirements as to the work in progress which, plaintiff argues, amounted to a "contract revision" which imposed "additional contract work not contemplated by the original construction contract".

On behalf of State, the Attorney General filed a general demurrer and a special demurrer which in effect pleaded the doctrine of sovereign immunity and asked that the cause be dismissed as to State.

Plaintiff then filed an amendment to the petition in which it was alleged in the alternative that, in case the trial court should find that the doctrine of sovereign immuni-

ty was a bar to a declaratory judgment against State, the court would then have jurisdiction of the cause of action as an appeal pursuant to the Administrative Procedures Act, 75 O.S.1971, Sec. 301, et seq.

Thereafter the trial court sustained the special demurrer and dismissed the action as against State. Since the only ground of the special demurrer was the doctrine of sovereign immunity, the first question squarely presented is whether that doctrine is a bar to a declaratory judgment against State.

On that question the Attorney General relies principally upon *State ex rel. Department of Highways v. McKnight*, 496 P.2d 775, in which this Court sustained a plea of sovereign immunity and reversed a judgment against the State Highway Department and State Highway Commission, in an action upon a highway construction contract.

However, in *State Board of Public Affairs v. Principal Funding Corporation*, 542 P.2d 503 (1975) the holding in *McKnight*, and earlier similar cases, was specifically modified and the following rule was adopted:

"Where a person or entity enters into a valid contract with the proper State officials and a valid appropriation has been made therefor, the State has consented to be sued and [has] waived its governmental immunity to the extent of its contractual obligations and such contractual obligations may be enforced against the State in an ordinary action at law."

No reason appears, and none is suggested, why the same rule should not be applicable in an action for a declaratory judgment under 12 O.S.1971, Sec. 1651 et seq. Under Sec. 1652, declaratory relief may be obtained as an incident to a petition seeking other relief. Under Sec. 1653, all persons who have or claim an interest which would be affected by the declaration must be made parties to the action. For that reason it is immaterial that plaintiff Coffey was not actually a party to the original contract between State and McMul-

lan. Under the sub-contracts here involved, there can be no doubt that Coffey is a real party interest to the extent of his contractual obligations. Also, plaintiff's action is not barred by Sec. 1657, which makes the Declaratory Judgment Act inapplicable to "orders, judgments, or decrees" of any "administrative agency, board or commission of the State of Oklahoma". The letter from State's engineer involved in this case is, in effect, a mere statement of State's interpretation of the terms of the contract, and not an order, judgment or decree, as those terms are used in Sec. 1657.

The demurrer of State goes to the proposition that it is immune from suit. That issue only is presented and determined herein.

Having concluded that the doctrine of sovereign immunity is not a bar to plaintiff's action in this case, we find it unnecessary to consider the arguments as to the sufficiency of the petition as an appeal under the Administrative Procedures Act.

The judgment dismissing the cause of action as to State is vacated and the cause is remanded to the trial court for such further proceedings as may be required.

All Justices concur.