246 P.3d 1106 (2010)
2011 OK CIV APP 19
LaShonda La Shay BILLS, individually and d/b/a Lighthouse Learning, Katrina Bills, Dollie R. Watson, and Juanita Clark, Plaintiffs/Appellants,
v.
STATE of Oklahoma, ex rel. DEPARTMENT OF HUMAN SERVICES, Defendant/Appellee.
No. 106,879. Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 1.
Court of Civil Appeals of Oklahoma, Division No. 1.
September 17, 2010.
Certiorari Denied January 31, 2011.
*1107 Maria Tasi Blakely, Hugo, OK, for Plaintiffs/Appellants,
Joseph W. Strealy, Assistant General Counsel, Department of Human Services, Oklahoma City, OK, for Defendant/Appellee.
KENNETH L. BUETTNER, Presiding Judge.
¶ 1 Plaintiffs/Appellants LaShonda La Shay Bills, individually and d/b/a Lighthouse Learning, Katrina Bills, Dollie R. Watson, and Juanita Clark (collectively "Lighthouse Learning") appealed from an adverse administrative decision rendered by Defendant/Appellee Department of Human Services (DHS), confirming an allegation of neglect at the daycare center.[1] The matter was dismissed with prejudice by the district court on appeal on the ground the district court lacked jurisdiction pursuant to the Oklahoma Administrative Procedure Act, 75 O.S.2001 § 250 et seq. We affirm.
¶ 2 The record in this case is sparse and we relate some of the facts reflected in their briefs. "Admissions in a brief may be regarded as a supplement to the appellate record." White v. Heng Ly Lim, 2009 OK 79, fn. 10, 224 P.3d 679, fn. 10. The parties agree that there was a DHS finding confirmed neglect at the daycare center which Lighthouse Learning sought to overturn. Lighthouse Learning's prayer for relief on appeal requests the finding be vacated and DHS be ordered to reimburse Lighthouse Learning's attorney fees and costs. The nature of the damage from the finding of neglect is not disclosed in the petition, which was filed November 26, 2008.
¶ 3 Lighthouse Learning's petition states that on or about June 27, 2008, a complaint was made to Choctaw County, Oklahoma, Child Welfare Office (DHS), concerning an allegation of neglect regarding a child in the care of Lighthouse Learning. It further states that after an investigation, DHS made a finding that the allegation of neglect was confirmed on the part of all four Plaintiffs. This finding was appealed by all four Plaintiffs to DHS's Appeals Section. In the next paragraph of the petition, Lighthouse Learning alleges that DHS failed to comply with the Oklahoma Administrative Procedure Act, 75 O.S.2001 § 250.4 et seq. and specifically, did not enter an order in compliance with 75 O.S § 312, part of Article II of the Oklahoma Administrative Procedure Act.
¶ 4 Although Lighthouse Learning argues points with respect to DHS and its exemption pursuant to Article II of the Administrative Procedure Act, 75 O.S.2001 § 250.4(B)(2),[2] it cannot imbue the district court with jurisdiction using the Administrative *1108 Procedures Act.[3] The proper course of action for Lighthouse was to pursue its remedy using the law by which it was investigated and found to have been in violation. Taking Lighthouse Learning's statement in its brief as true, it states that the negative finding affects its Star Certification Rating so that the cost of sending a child to its daycare center is not subsidized to the same extent as others with higher star ratings. Out-of-pocket expense to parents would be greater, thus potentially reducing the daycare center's clientele. In a footnote, Lighthouse Learning states that the investigation and subsequent actions are not part of this appeal.
¶ 5 The subsequent actions to the investigation, however, are central to this appeal. The Statewide Temporary Assistance Responsibility System (STARS), at a minimum, must be comprised of (1) The Temporary Assistance for Needy Families (TANF) program; (2) Child Care; (3) Food Stamps; (4) One-Stop Career/Employment Centers; (5) Medicaid; (6) Assistance to Aliens; and (7) Supportive Services. 56 O.S.2001 § 230.51. With respect to minimum mandatory requirements for STARS-related child care recipients, 56 O.S.2001 § 230.52[4] states:
The Department [DHS] shall develop and describe categories of approved work activities for the TANF program recipients in accordance with this paragraph. Work activities that qualify in meeting the requirements include, but are not limited to:
* * *
k. child care for other STARS recipients. The recipient must meet training and licensing requirements for child care providers as required by the Oklahoma Child Care Facilities Licensing Act; . . . .
¶ 6 In the present case, the Oklahoma Administrative Procedure Code, OAC, 340:110-1-8.3, "Certification of facilities to receive a differential quality rating," describes the amount of process due. Pursuant to AOC 340:110-1-8.3(h)(1), a reduction in star-rating may occur when Oklahoma Child Care Services (OCCS) has issued a written Emergency Order or notice of denial or revocation of license. According to AOC 340:110-1-8.3(h)(2), a reduction in star-rating may occur when violations are not corrected within the agreed-upon time frame; the facility has serious non-compliance with licensing requirements; a serious incident occurs resulting in injury or imminent risk of harm to a child, or a facility fails to employ a qualified director for six months or more. The facility may request an administrative review of the star reduction, which is conducted by the stars review panel, made up of three DHS staff members who have not been involved with the initial decision. The provider may submit documents and appear at the review. Written findings are completed within 10 days. The owner may reapply for a higher certification level at any time the criteria are met. AOC 340:110-1-8.3(h)(5). If the star-level was reduced due to serious noncompliance with licensing requirements, the facility will not be approved for a higher certification level for six months after the receipt of the certified reduction letter. AOC 340:110-1-8.3(h)(5). The concept of due process does not require that the same process be utilized for every governmental action. Challenging the changing of a STAR rating requires much less process than regulating the license of a regulated business. In this case, DHS followed all the process that was due, and there is no appeal to the district court or the Oklahoma Supreme Court.
¶ 7 In an effort to secure judicial review, Lighthouse Learning filed an appeal pursuant to the Oklahoma Administrative Procedures Act, 75 O.S.2001 § 308a et seq. Pertinent to the case at hand, § 308a states:
The provisions of Article II of the Administrative Procedures Act govern the hearing procedures of agencies, and does not grant jurisdiction, not otherwise provided by law. The Legislature recognizes that agencies take actions and make decisions, *1109 other than by individual proceedings for which the right to judicial review is intended to be exercised pursuant to other laws.
¶ 8 The Commission for Human Services, through DHS, is not required to comply with Article II of the Administrative Procedures Act. 75 O.S.2001 § 250.4(B)(2). Lighthouse Learning alleges that this is unconstitutional. However, Lighthouse Learning cannot show that it was deprived of due process. The Legislature has discretion as to which agencies are required to follow the Administrative Procedures Act. The exemption of DHS does not implicate the denial of any constitutional rights of Lighthouse Learning. The district court did not have jurisdiction to review the DHS action complained of in this case.
¶ 9 AFFIRMED.
HANSEN, J., and HETHERINGTON, J., concur.
NOTES
[1] The DHS finding and determination are not included in the record. The briefs inform that the confirmed finding was of failure of supervision.
[2] Lighthouse Learning contends that DHS is not exempt from the requirements of Article II of the Oklahoma Administrative Procedure Act and, to the extent that 75 O.S.2001 § 250.4 does exempt DHS from Article II, the Act is unconstitutional. We find no reason to distinguish the Commission for Human Services, which is specifically exempted from Article II of the APA, from the Department of Human Services.
[3] Article II relates to individual proceedings pursuant to the Administrative Procedure Act. 75 O.S.2001 § 250.1(A). Pursuant to 75 O.S.Supp. 2005 § 250.4(B)(2), the Commission for Human Services is not required to comply with Article II.
[4] The 2010 amendment does not affect the substance or numbering of this section.