OSCN Found Document:MUSTARD SEED ENTERPRISES, INC. v. DEPT. OF HUMAN SERVICES

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 MUSTARD SEED ENTERPRISES, INC. v. DEPT. OF HUMAN SERVICES
2025 OK CIV APP 26
Case Number: 122543
Decided: 06/11/2025
Mandate Issued: 07/17/2025
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2025 OK CIV APP 26, __ P.3d __

 

MUSTARD SEED ENTERPRISES, INC., Plaintiff/Appellant
vs.
THE STATE OF OKLAHOMA ex rel. THE DEPARTMENT OF HUMAN SERVICES, Defendant/Appellee

APPEAL FROM THE DISTRICT COURT OF
CLEVELAND COUNTY, OKLAHOMA

HONORABLE JEFF VIRGIN, TRIAL JUDGE

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS

Kelly L. Lynn, LYNN LEGAL FIRM, PLLC, Norman, Oklahoma For Plaintiff/Appellant

Katharine M. Hughes, ASSISTANT GENERAL COUNSEL, DEPARTMENT OF HUMAN SERVICES, Oklahoma City, Oklahoma For Defendant/Appellee

JANE P. WISEMAN, PRESIDING JUDGE:

¶1 Plaintiff Mustard Seed Enterprises, Inc., appeals the trial court's order granting Defendant State of Oklahoma ex rel. Oklahoma Department of Human Services' motion to dismiss. We consider this appeal without appellate briefing pursuant to Supreme Court Rule 1.36, 12 O.S.2021, ch. 15, app. 1. After review, we reverse and remand for further proceedings.

FACTS AND PROCEDURAL BACKGROUND

¶2 Plaintiff Mustard Seed Enterprises owns Bright Star Learning Center 3 in Norman, Oklahoma. Bright Star 3 is licensed by the Oklahoma Department of Human Services pursuant to the Oklahoma Child Care Facilities Licensing Act. According to Plaintiff's petition, on May 16, 2023, four children removed two loose slats from the recently replaced fence surrounding Bright Star's playground and absented themselves to an adjacent Dollar General store where one of their family members worked. Plaintiff reports that, on discovering the children were missing, its staff immediately enacted their emergency plan, and the children were found unharmed within minutes. That same day, Plaintiff reports, it had the fence secured and "self-reported" the incident to DHS.

¶3 As described in DHS's response to Plaintiff's motion for temporary injunction, this incident was the subject of a daycare licensing complaint, and an investigation found the incident to be a "serious compliance violation for failure to supervise." Plaintiff exhausted its administrative appeal options, culminating in a review by the DHS Director who upheld the serious noncompliance finding. DHS then notified Plaintiff that its STAR rating would be reduced from five to one. Pursuant to Oklahoma Administrative Code 340:110-1-8.3--8.11, licensed child care programs in Oklahoma are designated with a STAR rating of one to five, with five being the highest. Programs must meet the highest standards, including professional development for teachers, partnering with families, and heightened health and curriculum requirements, to maintain a STAR rating of four or five. See OAC 340:110-1-8.6--8.11. Before the May 16, 2023 incident, Plaintiff had "maintained substantial compliance with licensing requirements and ha[d] been awarded national accreditation for well over a decade."

¶4 The STAR reduction notice advised Plaintiff of its right to an administrative review of the decision to reduce its rating. Plaintiff availed itself of this right, presenting written materials through counsel and later presenting oral argument to a three-member panel. The panel affirmed the reduction in Plaintiff's STAR rating.

¶5 Plaintiff then brought this action against DHS, seeking monetary damages and injunctive and declaratory relief. Plaintiff sought a declaration "that DHS may not revoke, penalize, deny, or otherwise subject the Plaintiff to any administrative action which would decrease [its] 'star rating' without due process." Plaintiff also sought declarations that DHS's STAR rating standards, as well as their general and specific application to Plaintiff, were unreasonable, arbitrary and capricious and that DHS's administrative procedures failed to provide Plaintiff with the due process required by Article II, § 7 of the Oklahoma Constitution.

¶6 Plaintiff alleged, "DHS never overturns DHS's own administrative actions after a hearing or administrative review because DHS is not an impartial tribunal and does not set their administrative appeals on star-ratings for hearing." Plaintiff further alleged that DHS continues "to allow other child care programs with similar or worse serious non-compliance issues [to] operate with higher than 1-star ratings." In support, Plaintiff listed four other licensed child care centers, their "similar or worse serious non-compliance" issues, and their "higher than 1-star ratings." Plaintiff also complained that DHS had increased the frequency of its visits to Plaintiff's childcare center, "harass[ing] Plaintiff and interfer[ing] with Plaintiff[']s daily business operations."

¶7 In its Motion for Temporary Injunction filed contemporaneously with and incorporating the Petition by reference, Plaintiff asserted that reducing its STAR rating to one would prohibit it from receiving subsidized childcare enrollments and eliminate scholarship opportunities for its staff, negatively impacting its ability to stay in business. Plaintiff requested that the court direct DHS to restore Plaintiff's STAR rating to five, pending further order of the court.

¶8 DHS responded, arguing that the "Court [did] not have subject matter jurisdiction over Plaintiff's lawsuit and its Motion for Temporary Injunction due to Plaintiff[']s abject failure to adhere to the plain requirements of the [Governmental Tort Claims Act]" and that Plaintiff could not meet the burden of proof required to obtain an injunction. The trial court then heard arguments on Plaintiff's request for a temporary injunction, which it granted. At this hearing, Plaintiff agreed to dismiss any claims governed by the GTCA but maintained its position that the trial court had subject matter jurisdiction to act in equity by granting injunctive and declaratory relief.

¶9 DHS then filed a motion to dismiss for failure "to state a claim upon which any relief can be granted against the Defendant as a matter of law" and for lack of jurisdiction. DHS contends, "Plaintiff's Petition lacks any cognizable legal theory to support [its] claim." DHS also argues that, even if Plaintiff presented a valid claim, the trial court lacks subject matter jurisdiction because: (1) constitutional tort claims fall under the GTCA, and Plaintiff failed to meet its notice and pleading requirements; (2) Bills v. State ex rel. Department of Human Services, 2011 OK CIV APP 19246 P.3d 1106 bars judicial review of DHS's findings; and (3) this action constitutes an untimely appeal governed by 10 O.S. § 40875 O.S. § 318Conoco, Inc. v. State Department of Health of Oklahoma, 1982 OK 94651 P.2d 125

¶10 Plaintiff responded by asserting that DHS waived any claim to dismissal under 12 O.S. § 201212 O.S. § 2012Bills bars judicial review of DHS's findings.

¶11 DHS responded that it did not waive its 12 O.S. § 2012Conoco, Inc. v. State Department of Health of State of Oklahoma, 1982 OK 94651 P.2d 125

¶12 After a hearing on these questions, the trial court granted DHS's motion to dismiss, and Plaintiff appeals.

STANDARD OF REVIEW

¶13 Both a trial court's decision to grant a motion to dismiss for lack of subject matter jurisdiction and the court's interpretation of statutes are legal determinations subject to de novo review. See Young v. Station 27, Inc, 2017 OK 68404 P.3d 829Kluver v. Weatherford Hosp. Auth., 1993 OK 85859 P.2d 1081

ANALYSIS

I. Reservation of Time

¶14 Plaintiff asserted in its response to the motion to dismiss that DHS waived any 12 O.S. § 201212 O.S. § 201212 O.S.2021 § 2012

¶15 Although DHS cited Young v. Walton, 1991 OK 20807 P.2d 248Young has been superseded by statute as the Oklahoma Supreme Court stated in McBee v. Shanahan Home Design, LLC, 2021 OK 60499 P.3d 1

The majority in Young distinguished between a "general appearance," which waives certain affirmative defenses, and a "special appearance," which would not constitute a waiver. In 2002, the Oklahoma Legislature amended

§ 2012(A) to replace "an appearance" and "appearance" with "a reservation of time." Thus, the distinction between a special or general appearance would now appear inconsequential, and ostensibly, any reservation of time "waives the defenses of paragraphs 2, 3, 4, 5, 6, and 9 of subsection B of [§ 2012]."

Id. (emphasis omitted). However, 12 O.S.2021 § 2012

¶16 As DHS waived its 12 O.S. § 2012

II. GTCA

¶17 The first question in addressing subject matter jurisdiction over this action is whether Plaintiff's claims are governed by the GTCA. DHS argues that "any constitutional tort [is] covered by the GTCA" and Plaintiff has not conformed to the notice and pleading requirements of the GTCA. As Plaintiff expressly dismissed any claims for monetary damages at the hearing on Plaintiff's request for a temporary injunction and appears to proceed solely on a due process claim, this argument is unpersuasive.

¶18 The plain language of the GTCA defines a tort "claim" as "any written demand presented by a claimant or the claimant's authorized representative in accordance with The Governmental Tort Claims Act to recover money from the state or political subdivision as compensation for an act or omission of a political subdivision or the state or an employee." 51 O.S. Supp. 2022 § 152

III. and the Administrative Procedures Act

¶19 The third proposition poses the question, Is this action, filed more than 30 days after Plaintiff's STAR rating reduction was affirmed, an untimely appeal governed by either 10 O.S. § 40875 O.S. § 31810 O.S.2021 § 408

¶20 Additionally, although 75 O.S.2021 § 31875 O.S.2021 § 31875 O.S. Supp. 2024 § 250.4

        III. Bills 

¶21 We next address whether Bills barred the trial court from reviewing DHS's findings. Bills v. State ex rel. Dep't of Human Servs., 2011 OK CIV APP 19246 P.3d 1106Bills, DHS asserts, "The Oklahoma Court of Civil Appeals has definitively stated that in challenging the changing of a STAR rating, there is no appeal to the district court or the Oklahoma Supreme Court." Despite DHS's classification of Bills as "practically indistinguishable from the case at hand," the plaintiff in that case, Lighthouse Learning, filed an appeal from a STAR level reduction decision claiming that DHS failed to comply with Article II of the Oklahoma Administrative Procedures Act. Id. ¶¶ 3-4.

¶22 As discussed above, DHS is exempt from Article II of the Administrative Procedures Act. In affirming dismissal for lack of subject matter jurisdiction, the Bills Court stated, "Lighthouse Learning . . . cannot imbue the district court with jurisdiction using the Administrative Procedures Act." Id. ¶ 4. Plaintiff in this case has not pled its claims under Article II of the Administrative Procedures Act but seeks a declaratory judgment. We conclude that Bills should not be extended beyond its holding that "the district court lacked jurisdiction pursuant to the Oklahoma Administrative Procedure[s] Act." Id. ¶ 1 (emphasis added).

        IV. Declaratory Relief 

¶23 Because we conclude Plaintiff seeks only declaratory relief and its claim is not barred by the GTCA, 10 O.S. § 40875 O.S. § 318Bills, the final question is whether the trial court has subject matter jurisdiction to hear this action for declaratory judgment pursuant to 12 O.S.2021 §§ 1651

¶24 Declaratory judgment actions in Oklahoma state courts are governed by 12 O.S. §§ 1651

District courts may, in cases of actual controversy, determine rights, status, or other legal relations, including but not limited to a determination of the construction or validity of any . . . statute, municipal ordinance, or other governmental regulation, whether or not other relief is or could be claimed, except that no declaration shall be made concerning liability or nonliability for damages on account of alleged tortious injuries to persons or to property either before or after judgment . . . . The determination may be made either before or after there has been a breach of any legal duty or obligation, and it may be either affirmative or negative in form and effect; provided however, that a court may refuse to make a determination where the judgment, if rendered, would not terminate the controversy, or some part thereof, giving rise to the proceeding.

12 O.S.2021 § 1651

A determination of rights, status, or other legal relations may be obtained by means of a pleading seeking that relief alone or as incident to or part of a petition, counterclaim, or other pleading seeking other relief, and, when a party seeks other relief, a court may grant declaratory relief where appropriate.

12 O.S.2021 § 165212 O.S.2021 § 1657

¶25 "'In order to invoke the jurisdiction of the court under the declaratory judgments act there must be an actual, existing justiciable controversy between parties having opposing interests, which interests must be direct and substantial, and involve an actual, as distinguished from a possible, potential or contingent dispute.'" Dean v. State ex rel. Doak, 2012 OK CIV APP 105292 P.3d 58Gordon v. Followell, 1964 OK 74391 P.2d 242Dean, 2012 OK CIV APP 105 ¶ 14.

¶26 As stated in its petition, Plaintiff seeks a declaratory judgment that DHS's standards for determining STAR ratings and its application of those standards are arbitrary and capricious, that DHS's administrative procedures failed to provide Plaintiff with the due process required by Article II, § 7 of the Oklahoma Constitution, and that DHS may not "reduce Plaintiff's star rating without due process." Sections 1651 and 1652 imbue Oklahoma state courts with subject matter jurisdiction to determine the validity of statutes, ordinances, and governmental regulations.

¶27 Section 1657 generally exempts orders, judgments, or decrees made by Oklahoma administrative agencies, boards, or commissions. However, the Oklahoma Legislature has recognized an exception to § 1657 when a plaintiff wishes to challenge the validity or applicability of an administrative rule in a declaratory judgment action:

The validity or applicability of a rule may be determined in an action for declaratory judgment in the district court of the county of the residence of the person seeking relief or, at the option of such person, in the county wherein the rule is sought to be applied, if it is alleged the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff.

75 O.S.2021 § 306adjudication effected in the course of a judicial proceeding." Waste Connections, Inc. v. Okla. Dep't of Env't Quality, 2002 OK 9461 P.3d 219

"An agency's authority to make rules is clearly distinguishable from that of adjudication. Rulemaking includes the power to adopt rules and regulations of general application--both substantive and procedural--which are legislative in nature, operate prospectively and have general application. Orders of an administrative body are adjudicative in character. They apply to named persons or specific situations and have immediate rather than future operation."

Id. (quoting Harry R. Carlile Trust v. Cotton Petroleum Corp., 1986 OK 16732 P.2d 438Waste Connections, 2002 OK 94 

¶28 Plaintiff's challenge to the constitutionality of OAC 340:110-1-8.6--8.11, DHS's administrative rules governing STAR ratings, fits clearly into 75 O.S. § 30675 O.S. § 30675 O.S.2021 § 306

¶29 Plaintiff has met the requirements under 75 O.S. § 306

CONCLUSION

¶30 For the reasons stated, the trial court's order granting DHS's motion to dismiss is reversed and the case is remanded for further proceedings.

¶31 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

FISCHER, J., and BLACKWELL, J., concur.

FOOTNOTES

Moran v. City of Del City, 2003 OK 5777 P.3d 588

75 O.S.2021 § 250.1

75 O.S. Supp. 2024 § 250.4Bills v. State ex rel. Department of Human Services, 2011 OK CIV APP 19246 P.3d 1106

75 O.S.2021 § 306

75 O.S.2021 § 308.2

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105